UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANN C. GATTI, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 12-cv-30179-MAP |
| | ) | |
| NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY | ) | |
| OF PITTSBURGH, PA, | ) | |
| Defendant | ) | |

MEMORANDUM REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 5)

April 15, 2013

PONSOR, U.S.D.J.

## I. INTRODUCTION

This memorandum is intended to follow up on the court's brevis in-court order on April 9, 2013, denying Defendant's motion to dismiss Plaintiff's Employee Retirement Security Act of 1974 ("ERISA") claims on the basis of res judicata. The court's decision remains unchanged; the memorandum will memorialize its reasoning.

## II. FACTS

The relevant, undisputed facts are straight-forward.

On May, 19, 2009, Plaintiff Ann C. Gatti, the sole beneficiary of the accidental death policy at issue, presented her claim for benefits to the Plan Administrator, who forwarded them to Defendant, National Union Fire Insurance Company of Pittsburgh, PA.  Plaintiff received a copy of Defendant's denial of her claim on December 3, 2009, and, on January 29, 2010, sent Defendant a letter demanding that it reconsider and reverse its decision.  On February 8, 2010, Defendant acknowledged her appeal and, on November 17, 2010, sent Plaintiff a letter stating that it had determined that the Plan "may" be governed by ERISA.  (Dkt. No. 9, Pl.'s Opp'n, Ex. A at 16.)  On June 6, 2011, Defendant sent another letter to Plaintiff stating that it was continuing to review her claim and that, before it could render a decision, it might be necessary for a forensic psychologist to review the medical records of the deceased.

On December 28, 2011, almost two years after she asked Defendant to reconsider its denial, Plaintiff filed an action against Defendant in state court, alleging breach of contract and violation of Chapter 93A.  Defendant removed that suit to this court and, on February 9, 2012, moved

pursuant to Rule 12(b)(6) to dismiss based on ERISA preemption.  Plaintiff did not oppose this motion.  On February 28, 2012, the court allowed the motion with the notation "ALLOWED, without opposition."  (Dkt. No. 6, C.A. No. 12-cv-30024-MAP.)  Almost six months later, on August 16, 2012, Defendant finally completed its review of Plaintiff's appeal and affirmed its prior decision to deny benefits based on an exclusion under the policy.  Thereafter, on October 11, 2012, Plaintiff filed this present action, alleging violations of ERISA.

### III. DISCUSSION

Defendant now moves for dismissal based on the doctrine of res judicata.  There are three requirements for the application of this doctrine.  "[T]here must be (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  In re Iannochino, 242 F.3d 36, 43 (1st Cir. 2001) (internal quotations omitted).  There is no dispute that the first and third requirements for the application of res judicata are met

here: a decision granting a motion to dismiss is considered a final judgment and the parties are identical in this and the earlier lawsuit.

The sole issue is the identity of claims requirement. That element is satisfied where "the plaintiff's second claim grows out of the same transaction or set of related transactions as the previously decided claim." AVX Corp. v. Cabot Corp., 424 F.3d 28, 31 (1st Cir. 2005) (stating that "as a result of case law development, identity of claims in the common-law sense is no longer a precondition to federal claim preclusion"). "In short, the res judicata doctrine functions not only in its traditional role of preventing repeat claims, but has become a compulsory joinder requirement for closely related claims." Id. If the court were to conclude that these claims arise out of the same nucleus of facts, then the claims are precluded under the doctrine of res judicata. Stewart v. U.S. Bancorp, 297 F.3d 953 (9th Cir. 2002) (upholding the district court's dismissal based on res judicata of a new complaint alleging ERISA violations where the earlier complaint arising out of "same nucleus of facts" had been dismissed because the state

contract claims were preempted by ERISA).

Defendant contends that it is evident that the current ERISA claims before the court arose out of the same nucleus of facts as the earlier contract-based claims dismissed by the court. Plaintiff argues that she could not have brought her ERISA claims at that time because Defendant had not yet completed its review of Plaintiff's appeal. ERISA law is clear that a plaintiff may not bring a suit challenging a Plan's denial of benefits without first exhausting the administrative appeals process. Terry v. Bayer Corp., 145 F.3d 28, 36 (1st Cir. 1998) (stating that a "prerequisite to obtaining judicial review under [ERISA] is that the claimant have exhausted the internal administrative remedies available to him"). Defendant counters that the burden was on Plaintiff to amend her original complaint to survive Defendant's motion to dismiss. Stewart, 297 F.3d at 959.

As a threshold matter, Defendant's argument elevates form over substance. Had the court and the parties followed Defendant's requisites, the court would have had to either dismiss Plaintiff's ERISA claims for failure to exhaust the administrative remedies and permit her to re-file later or

stay the litigation while Defendant finished its review of Plaintiff's appeal.  Either way, the court and the parties would be exactly where we are right now: litigating Plaintiff's now-timely ERISA allegations.

More importantly, the doctrine of res judicata simply does not apply on these facts to bar Plaintiff's lawsuit.  Even where all three elements of res judicata are present, the "jurisdictional competence exception" permits a plaintiff to maintain a second suit.  Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1168 (1st Cir. 1991).  If the claim before the court could not have been raised in the first suit stemming from the cause of action because of a jurisdictional obstacle, then the second suit may proceed.  Id.  "It is black-letter law that a claim is not barred by res judicata if it could not have been brought.  If the court rendering judgment lacked subject-matter jurisdiction over a claim or if the procedural rules of the court made it impossible to raise a claim, then it is not precluded." Browning v. Navarro, 887 F.2d 553, 558 (5th Cir. 1989); see also Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Plaintiff could not have maintained her ERISA suit

until after she exhausted Defendant's administrative review process.  Terry, 145 F.3d at 36.  The question of administrative exhaustion is "a jurisdictional issue." Strategic Energy, LLC v. Western Mass. Elec. Co., 529 F. Supp. 2d 226, 232 (D. Mass. 2008).  Plaintiff's ERISA claims did not ripen until after Defendant's final review affirming denial on August 16, 2012 -- almost a full six months after this court dismissed the earlier state law claims. Accordingly, the court did not have subject matter jurisdiction over Plaintiff's ERISA claims until August 16, 2012.  Thus, the court concludes that res judicata does not apply here to bar Plaintiff's ERISA claims.

## IV. CONCLUSION

For the foregoing reasons, supplementing the reasons stated during the hearing, the court DENIED Defendant's Motion to Dismiss (Dkt. No. 5).

It is So Ordered.

                                        /s/ Michael A. Ponsor
                                        MICHAEL A. PONSOR
                                        U. S. District Judge